1
2
3
4
5
6
7
8
9
10      UNITED STATES DISTRICT COURT
11      WESTERN DISTRICT OF WASHINGTON
            AT TACOMA
12

13  LENIER AYERS,

14                          Petitioner,          Cause No. C09-5104FDB

15        v.                                      ORDER

16  STATE OF WASHINGTON,

17                          Respondent.

18

19

20      The petitioner in this action is seeking federal habeas corpus relief pursuant to 28 U.S.C.

21  § 2254.  This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C.

22  §§ 636 (b) (1) (A) and 636 (b) (1) (B) and Local Magistrate Judges' Rules MJR 3 and MJR 4.

23  The matter is before the court for review of the petition prior to service and on petitioner's

24  pending motions (Docs. 3, 4, 6 & 8).

25      After reviewing the record, the court finds and orders as follows:

26

Order - 1

(1)  The court will not order or direct an answer to the Petition (Doc. 1) because it fails to name a proper respondent.   Petitioner has named the "State of Washington" as respondent.   A proper respondent is "the person having custody of the person detained." 28 U.S.C. § 2243.  This person typically is the superintendent of the facility in which the petitioner is incarcerated. Failure to name the petitioner's custodian deprives federal courts of personal jurisdiction. Stanley v. California Supreme Court,  21 F.3d 359, 360 (9th Cir. 1994).  When a person is no longer in custody in the traditional sense of the word, but may be subject to future custody due to the effects of the state conviction, the proper respondent is the Attorney General of the state in which the judgment was entered.  28 U.S.C. § 2254, Rule 2 Advisory Committee's note (b) (3).

Petitioner is directed to file either an amended petition naming a proper respondent or a praecipe asking the clerk to substitute the State of Washington for a proper respondent, **by no later than July 8, 2009**.

(2)  Petitioner has filed several motions, including a requests for an evidentiary hearing -- to test the validity of scientific evidence used in his civil commitment trial (Doc. 3), a request for release from the Special Commitment Center (Doc. 4), a motion to add material to his "complaint" (Doc. 6) and a motion for an extension of time to provide service copies of his Petition (Doc. 8).  The court has reviewed each of these motions, and they are all DENIED.

It is premature to know whether or not an evidentiary hearing is necessary at this point in this case.  Likewise, release is the ultimate relief being sought, and without an answer to the forthcoming amended petition, the court is unwilling to grant such relief at this stage.

Petitioner has supplied the court with hundreds of pages of documents to supplement his petition, some are useful and some appear to have very little relevance.  Petitioner's request to add additional materials is being denied at this juncture, but if a question or need for further

Order - 2

evidence is needed following receipt of an answer to the Petition, the court may direct the parties to submit certain information or documents or Petitioner may be asked to file a traverse, or reply, to the answer, at which time Petitioner may provide further documentation to support his claims.

Petitioner's request for further time to make copies of his Petition is moot. Petitioner should file the amended petition, as directed above. Because a petition for writ of habeas corpus, normally would only have one respondent, Petitioner should provide the clerk of the court with only one extra copy of the amended petition for service.

The clerk is directed to send a copy of this order to petitioner and note the **July 8, 2009** deadline on the court's calendar.

DATED this 16th day of June, 2009.


J. Richard Creatura
United States Magistrate Judge

Order - 3