UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LENIER AYERS,

    Petitioner,

 v.

SUSAN DREYFUS,

    Respondent.

Case No. C09-5104FDB

ORDER

   The underlying matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and 636 (b)(1)(B), and Local Magistrate Judge's Rule MJR3 and MJR4. The matter is before the court on petitioner's motion for appointment of counsel (Doc. 15), respondent's motion for an extension of time to respond to the motion (Doc. 16), and petitioner's motion for a Daubert hearing (Doc. 21). The court has reviewed the record, including the petition which was submitted along with petitioner's application to proceed *in forma pauperis*. After reviewing the matter, the court finds and orders as follows.

   1.  There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254, unless an evidentiary hearing is required or such appointment is "necessary for the

ORDER - 1

effective utilization of discovery procedures." McCleskey v. Zant, 499 U.S. 467, 495 (1991); United States v. Duarte-Higareda, 68 F.3d 369, 370 (9th Cir. 1995); United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir. 1990); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). The court also may appoint counsel "at any stage of the case if the interests of justice so require." Weygandt, 718 F.2d at 754. In deciding whether to appoint counsel, the court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Id.

Petitioner asks the court to appoint counsel so that he may pursue a motion for summary judgment in this matter. The court notes that a habeas petition is generally not the type of litigation that a summary judgment motion is submitted. Typically the court will entertain the issue of whether or not factual issues need to be resolved after an Answer to the Petition has been filed. See Rule Governing Section 2254 Cases in the United States District Courts 8(c). Petitioner has demonstrated his ability to articulate his claims, and he has a long history of adequately accessing the court on his own behalf.

The court further notes that Respondent has filed a motion to dismiss the petition, rather than an Answer. The motion to dismiss is set for consideration on the court's November 20, 2009 motion calendar. Respondent has also since filed a response to the motion for appointment of counsel.

2. Based on the foregoing, petitioner's motion for appointment of counsel (Doc. 14) is DENIED. Respondent's motion for an extension of time to respond to the motion (Doc. 16) is also DENIED, as being moot.

3. Plaintiff has recently filed a motion requesting that the court schedule a hearing to consider the basis and foundation for the scientific evidence used in his state civil commitment case (Doc. 21). This motion is DENIED, without prejudice. It is premature for the court to determine whether or not such an evidentiary hearing will be necessary to resolve the petition for writ of habeas corpus.

4. The Clerk is directed to mail a copy of this Order to petitioner.

Dated this 3rd day of November, 2009.

J. Richard Creatura
United States Magistrate Judge

ORDER - 3