UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LENIER AYERS,

    Petitioner,

v.

SUSAN DREYFUS,

    Respondent.

Case No. C09-5104FDB

REPORT AND RECOMMENDATION

Noted for January 8, 2010

This habeas corpus action, filed pursuant to 28 U.S.C. § 2254, has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrate Judge's Rules MJR 3 and MJR 4. The matter is before the court upon respondent's motion to dismiss. Doc. 18.

## INTRODUCTION

Petitioner, Lenier Ayers, is in custody at the Special Commitment Center on McNeil Island, Washington. He has been involuntarily committed at that facility since September 7, 2005, when it was determined that petitioner was a sexually violent predator, pursuant to Wash. Rev. Code §71.09.060, *et seq.*

REPORT AND RECOMMENDATION - 1

On February 24, 2009, Mr. Ayers filed the underlying petition for writ of habeas corpus challenging the state government's involuntary commitment. Doc. 1. Petitioner seeks immediate release. Petitioner raises two grounds challenging the legality of his continued commitment at the SCC. *Id*. at 5-6. Petitioner also argues several other related issues regarding the conditions of his confinement. *Id*. at 16-31.

Because Mr. Ayers has not yet exhausted his state court remedies, the court recommends that Respondent's motion to dismiss should be GRANTED and that the case be dismissed without prejudice.

## EVIDENTIARY HEARING NOT REQUIRED

Evidentiary hearings are not usually necessary in a habeas case. According to 28 U.S.C. §2254(e)(2) (2009), a hearing will only occur if a habeas applicant has failed to develop the factual basis for a claim in state court, and the applicant shows that: (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or if there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2)(2009).

As discussed below, petitioner has clearly failed to exhaust his federal habeas claims at the state court level. Accordingly, the court concludes that an evidentiary hearing is not necessary to decide this case.

# DISCUSSION

Before this Court can consider whether there is any merit to petitioner's claims, the Court must determine whether or not petitioner has properly presented his habeas claims to the state courts. 28 U.S.C. § 2254 (b)(1) states, in pertinent part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

If exhaustion is to be waived, it must be waived explicitly by respondent. 28 U.S.C. § 2254(b)(3).

A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of federal rights. Duncan v. Henry, 513 U.S. 364, 365-66 (1995). In order to satisfy this requirement, petitioner's claims must have been fairly presented to the state's highest court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. Id., *citing* Picard v. Connor, 404 U.S. 270 (1971) *and* Anderson v. Harless, 459 U.S. 4 (1982).

Here, the court has reviewed the Petition and Answer and finds petitioner has not properly exhausted his claims for federal habeas relief.

In his petition, Mr. Ayers claimed that he had properly exhausted his claim(s) at all state court levels prior to filing the instant petition. Doc. 1 at 6. However, that is not true. In February 2008, petitioner filed a motion with the state trial court challenging the court's judgment. Doc. 18-2 at 33. Petitioner's motion for relief from judgment contains the same arguments he makes in the instant petition challenging the validity of the evidence that was brought forth in the trial court to support his involuntary commitment. Id. at 33-34. This motion

REPORT AND
RECOMMENDATION - 3

was consolidated with a Personal Restraint Petition, which was previously filed with the Washington State Court of Appeals. *Id*. at 36.

In their motion to dismiss, respondent has shown that while this instant matter has been pending the Washington State Court of Appeals has been reviewing petitioner's Personal Restraint Petition. Doc. 18. Oral argument occurred on November 30, 2009. *Id*. at 6. A decision from the Washington State Court of Appeals has not yet occurred and may not occur for weeks or even months. A subsequent petition for discretionary review and decision from the Washington State Supreme Court on the underlying issues will not occur until sometime after that.

Finally, respondent's motion to dismiss was filed with the court on October 23, 2009, set for consideration on the court's November 20, 2009 motion calendar. Petitioner has not filed any opposition to the dispositive motion. As noted above, the motion to dismiss clearly shows that petitioner has ongoing cases in the state courts and that he has not exhausted the claims he is making in the instant petition for writ of habeas corpus. Petitions which contain unexhausted claims must be denied. 28 U.S.C. § 2254(b)(1)(2009).

## CONCLUSION

Based on the foregoing, respondent's motion to dismiss should be GRANTED. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of

appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on January 8, 2010, as noted in the caption.

DATED this 15th day of December, 2009.

J. Richard Creatura
United States Magistrate Judge

REPORT AND
RECOMMENDATION - 5